Date signed September 07, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| McCLINTOCK DAIRY LLC | : | Case No. 07-10077PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | (Jointly Administered) |
| IN RE: | : | |
| McCLINTOCK FAMILY PARTNERSHIP | : | Case No. 07-10079PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

Before the court is the First Application of William L. Needler and Associates, Attorneys for [the jointly administered] Debtors ("Applicant"), for Interim Fee Allowance and Reimbursement of Costs for the period November 9, 2006, through May 12, 2007 ("Application"). Counsel seeks allowance of interim compensation of $32,915.75, and reimbursement of out-of-pocket expenses of $2,681.94, less payments heretofore received from a third party of $11,789.00. Upon review of the file, the court notes that there was no statement as to the source of third-party advances to the Applicant, and this information should be supplied. The court entered Orders authorizing the employment of William L. Needler and the firm of William L. Needler and Associates as attorneys for the Debtors, as well as the employment of Donald Scott Goldbloom as co-counsel for Debtors. Throughout this proceeding, Mr. Needler has acted as lead counsel.

The court regrets that it cannot rule on the Application in its present form. It appears that

Mr. Needler was not made aware of the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland that is set forth in Appendix D to the Local Bankruptcy Rules.  One would have thought that local counsel would have made him aware of these Guidelines, although the role of Mr. Goldbloom appears to be minimal and that no compensation is sought for his services.

For example, Applicant charges $2.00 for each facsimile transmission where the limit allowed for this charge is $1.25 per page for domestic transmissions.  Photocopying is charged at $.25 a page that in excess of the $.20 a page allowed under the Guidelines.  While these are matters are readily ascertainable, the court would prefer that Applicant to do the arithmetic.  Of more substance is the failure of the Application to contain a "lodestar" analysis and a discussion of the factors set forth in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (CA5 1975), that were later adopted by the Fourth Circuit in the case of *Barber v. Kimbrell"s, Inc.*, 577 F.2d 216, 226-27 (CA4 1978).  Most important is the failure of the Application to organize the requests for compensation by tasks, with a total billing for each task.  This is especially important in this case in view of the perceived absence of progress in the development of a Plan and Disclosure Statement.

The court notes that no objection was filed to this Application by any creditor or by the office of the United States Trustee.  While the only creditor that has been active is the First United Bank and Trust Company as a secured creditor, it has little interest in the outcome of this Application.  The court understands from the withdrawal of the response of the office of the United States Trustee to the Application that that office has no position to advocate in this matter.

For the reasons stated, the court will defer ruling on the Application pending a revision thereof so as to conform to the Compensation Guidelines for Professionals of this court.  And, the court would be helped in the amended Application, if counsel were to suggest the appropriate allocation between the two Debtors of the responsibility for payment of the compensation sought.

cc:
William L. Needler, Esq., 555 Skokie Blvd., Suite 500, Northbrook, IL 60062
Donald S. Goldbloom, Esq., 12590 National Pike, Grantsville, MD 21536
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Roger Schlossberg, Esq., 134 W. Washington St., PO Box 4227, Hagerstown, MD 21741

**End of Memorandum**